Chen v. Lynch

BIA
Cheng, IJ
A087 486 797

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand sixteen.

PRESENT:
  ROBERT D. SACK,
  PETER W. HALL,
  CHRISTOPHER F. DRONEY,
    *Circuit Judges.*

_____

YAN CHEN,
    *Petitioner,*

    v.                                    14-2889
                                          NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:     Aileen Shao, New York, New York.

FOR RESPONDENT:     Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Terri J. Scadron, Assistant Director; Wendy

Benner-León, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yan Chen, a native and citizen of the People's Republic of China, seeks review of a July 22, 2014, decision of the BIA affirming a May 8, 2013, decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yan Chen*, No. A087 486 797 (B.I.A. July 22, 2014), *aff'g* No. A087 486 797 (Immig. Ct. N.Y. City May 8, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Chen challenges the IJ's adverse credibility determination and denial of CAT relief. His arguments are unexhausted. We decline to consider them in the first instance.

In addition to the statutory requirement that petitioners exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), petitioners are required to raise to the BIA the specific issues they later raise in this Court, *see Foster v.*

2

*INS*, 376 F.3d 75, 78 (2d Cir. 2004). This issue exhaustion requirement is "mandatory." *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 118-24 (2d Cir. 2007).

On appeal to the BIA, Chen did not make any specific challenge to the IJ's decision. Chen, represented by counsel, did not submit a brief to the BIA and argued only that the IJ's decision was "arbitrary capricious and an abuse of discretion" and "contrary to the evidence." The BIA noted that Chen made "no specific argument" on appeal "beyond these conclusory assessments of the [IJ's] decision" and affirmed the IJ's decision. Chen's generalized challenges to the IJ's decision are insufficient to conclude that the BIA was provided a full opportunity to consider petitioner's arguments. *See Theodoropoulos v. INS*, 358 F.3d 162, 171 (2d Cir. 2004). Accordingly, we decline to consider Chen's unexhausted arguments in the first instance. *See Lin Zhong*, 480 F.3d at 107 n.1.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3